UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUZANNE SARAH ROSEN,

    Plaintiff,

v.                                                  Case No: 2:16-cv-639-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**

This cause comes before the Court on Plaintiff Suzanne Sarah Rosen's Complaint (Doc. 1) filed on August 16, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review**

    **A.**     **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.[1]  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On April 24, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits with an alleged onset date of August 1, 1996.  (Tr. at 247).  Plaintiff's application was denied initially on July 11, 2007, and upon reconsideration on March 19, 2008.  (Tr. at 144-45).  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), but the request was denied as untimely.  (Tr. at 149-50).  The Appeals Council, however, found that good cause existed for the untimely request and remanded the case to an ALJ for a hearing.  (Tr. at 152-53).  A hearing was held before ALJ Maria C. Northington on November 3, 2014.  (Tr. at 84-143).  The ALJ issued an unfavorable decision on February 6, 2015.  (Tr. at 13-32).  The ALJ found Plaintiff not to be under a disability at any time from August 1, 1996, the alleged onset date, through December 31, 1999, the date last insured.  (Tr. at 26).

On June 17, 2016, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-6).  Plaintiff filed a Complaint (Doc. 1) in this Court on August 16, 2016.  Defendant filed an Answer (Doc. 10) on January 18, 2017.  The parties filed memoranda in support.  (Docs. 23, 28).

---

[1] The Court notes that the Social Security regulations were recently revised.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 13). This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that Plaintiff met the insured status requirements through December 31, 1999. (Tr. at 18). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of August 1, 1996 through her date last insured of December 31, 1999. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "fibromyalgia (FMS), chronic fatigue syndrome (CFS), cervical spine degenerative disc disease and history of bilateral knee meniscus tears." (*Id.*). At step three, the ALJ determined that Plaintiff did not

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. at 20).

Based on the evidence, the ALJ determined that Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). (Tr. at 20). Additionally, the ALJ stated:

> During the adjudicatory period at issue, the claimant was capable of performing a wide range of light work with the ability to occasionally lift and/or carry up to 20 pounds as defined in the Dictionary of Occupational Titles (D.O.T.) and regulations, as well as, lift/carry 10 pounds frequently. If someone can do light work, it is opined that this person can also perform sedentary work that is inclusive within this exertional level. She had no limits for sitting in an eight-hour workday with standing or walking for six hours in an eight-hour workday. She had no postural limitations with the exception of no crawling, no crouching, no kneeling and no climbing of ladders/ropes/scaffolds. She was to perform no overhead reaching lifting or carrying with the left dominant upper extremity. Secondary to alleged allergies, the claimant was to avoid concentrated exposure to respiratory irritants such as fumes, odors, smoke, gases and poor ventilation. She was to avoid concentrated exposure to extremes of heat, humidity and cold temperatures. The claimant was to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. Secondary to non-severe depression, she retained the capacity to understand, remember and carry-out at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work.

(Tr. at 20).[3]

At step four, through the date last insured, the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. at 24). In making this finding, the ALJ noted the vocational expert's ("VE") testimony that Plaintiff performed past relevant work as a Psychologist – (Dictionary of Occupational Titles, #045.107-022) classified as sedentary with an SVP of 8 (skilled). (*Id.*). The ALJ then cited the VE's testimony that Plaintiff would be unable

---

[3] "SVP" is an acronym for specific vocational preparation.

to perform her past relevant work because the demands of her past relevant work exceed the RFC. (*Id.*).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (*Id.*). The ALJ found that, based on an RFC for the full range of light work, a finding of "not disabled" was directed by Medical-Vocational Rule 202.21 through the date last insured. (Tr. at 25).

In addition to the analysis above, the ALJ also noted the VE's testimony that someone with Plaintiff's age, education, past relevant work experience, and RFC could perform representative occupations such as:

1) *Office Helper* (Dictionary of Occupational Titles, #239.567-010) classified as light, unskilled work (SVP 2) with 98,000 in the nation and 3,200 in the State of Florida;

2) *Ticket Taker* (Dictionary of Occupational Titles, #344.667-010) classified as light, unskilled work (SVP 2) with 106,000 in the nation and 5,400 in the State of Florida;

3) *Order Clerk Food and Beverage* (Dictionary of Occupational Titles, #209.567-014) classified as sedentary, unskilled work (SVP 2) with 200,000 in the nation and 11,300 in the State of Florida; and

4) *Charge Account Clerk* (Dictionary of Occupational Titles, #205.367-014) classified as sedentary, unskilled work (SVP 2) with 192,000 in the nation and 12,540 in the State of Florida.

(Tr. at 25). Additionally, the ALJ specifically noted that even when hypotheticals were posed to the VE "regarding additional restrictions such as stand and/ or walk for four hours in an eight-hour workday, there were still a significant number of jobs in existence as all sedentary jobs cited would remain." (*Id.*). Further, when a hypothetical was posed to the VE "regarding additional restrictions such as stand and/ or walk for two hours in an eight-hour workday, there

5

were still a significant number of jobs in existence as the sedentary jobs cited would remain."
(*Id.*). The ALJ stated that "[t]hese cited jobs further allow the option to alternate between sitting/standing." (*Id.*). While the ALJ "stop[ped] short of adding these limitations to the determined [RFC]," the ALJ nonetheless stated that "the above-cited unskilled jobs range from sedentary to light and allow for any restrictive limitations that are alleged by the claimant." (*Id.*).

In addition, pursuant to Social Security Ruling 00-4p, the ALJ found the VE's testimony to be consistent with the *Dictionary of Occupational Titles*. (*Id.*). The ALJ also noted that the VE's sit/stand opinion was "based on his experience in knowing how these jobs are performed in the national economy." (*Id.*).

As a final matter, the ALJ specifically rejected any objection to the VE's expertise and sources of his testimony because the VE "remains in good standing on the list of qualified vocational experts for region IV" and because the ALJ found the VE to be duly qualified based on his resume and experience. (*Id.*).

In sum, the ALJ found that Plaintiff was not under a disability at any time from August 1, 1996, the alleged onset date, through December 31, 1999, the date last insured. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II.  Analysis

Plaintiff raises four issues on appeal. These issues are summarized as follows:

1. Whether the ALJ failed to properly consider Plaintiff's medically determinable impairments of fibromyalgia and chronic fatigue syndrome;

2. Whether the ALJ erred in her review of the medical opinion of Dr. Frank Adiutori;

3. Whether the ALJ properly found that jobs existed in significant numbers in the national economy based on the VE's testimony; and

4. Whether substantial evidence supports the ALJ's RFC determination given her review of the medical opinions of record.

(Doc. 23 at 1-2).

The Court evaluates these issues in turn, beginning with whether the ALJ erred in her review of Dr. Adiutori's medical opinion.

### A. The ALJ's Review of Dr. Adiutori's Medical Opinion

#### 1. Legal Standards

The Social Security regulations define medical opinions as statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). When evaluating a medical opinion, the ALJ considers various factors, including: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's specialization. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

An ALJ is required to consider *every* medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Additionally, the Eleventh Circuit has stated that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See id.* Nonetheless, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

The Eleventh Circuit has further held that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Moreover, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

2. **Analysis**

Plaintiff argues that the ALJ erred by not addressing the opinion of Frank Adiutori, M.D. (Doc. 23 at 22). Plaintiff specifically notes that the ALJ's decision "does not even mention Dr. Adiutori's opinion that the Plaintiff is unable to return to work due to her symptoms. (*Id.* (citing Tr. at 13-26)). Due to the ALJ's error, Plaintiff argues that "the present case warrants a remand." (*Id.*).

In response, Defendant acknowledges that the ALJ failed to discuss Dr. Adiutori's opinion. (Doc. 28 at 17). Nonetheless, Defendant argues that "Plaintiff failed to show that she was prejudiced because . . . remand . . . would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources." (*Id.*).

In looking at this issue, as pointed out by Plaintiff and acknowledged by Defendant, the ALJ did not address the opinion of Dr. Adiutori in her decision. As noted above, ALJs are required to consider *every* medical opinion, *Bennett*, 2009 WL 2868924, at *2 (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)), and state with particularity the weight given to the medical

9

opinions and the reasons therefor. *Winschel*, 631 F.3d at 1179. In this case, because the ALJ failed to consider Dr. Adiutori's medical opinion or state with particularity the weight given to it and the reasons therefor, the Court finds that the ALJ erred.

Although the Court finds that the ALJ erred, as noted above, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio*, 721 F.2d at 728). Upon review of Dr. Adiutori's opinion, however, the Court cannot find that the ALJ's failure to consider Dr. Adiutori's medical opinion is harmless error.

Specifically, medical records show that, on July 29, 1996, Dr. Adiutori wrote that Plaintiff had "been fighting this flu on and off for several months now." (Tr. at 1151). Dr. Adiutori's impression of Plaintiff, at that time, however, was that Plaintiff had "generalized malaise and fatigue." (*Id.*). Nonetheless, Dr. Adiutori did not appear to know the cause of the malaise and fatigue, indicating that it could be secondary to a "viral infection" or "allergies." (*See id.*). After that time, the medical record shows that, on January 20, 1997, Plaintiff returned to Dr. Adiutori. (*Id.*). Plaintiff's primary complaint was "irregular bleeding and pelvic discomfort." (*Id.*). Even so, Dr. Adiutori noted that Plaintiff had been diagnosed with chronic fatigue syndrome. (*Id.*). At that point, Dr. Adiutori's impression was that Plaintiff had "symptomatic uterine fibroid causing pain as well as irregular bleeding." (*Id.*). In addition and relevant to the current issue, Dr. Adiutori specifically opined that "[a]t the present time I do not feel the patient is able to return to work or is able to concentrate enough to undergo a rigorous deposition or court appearance." (*Id.*).

In this case, the Court is not a factfinder and, thus, does not know what impact Dr. Adiutori's opinion might have had on the ALJ's decision. Nonetheless, Dr. Adiutori's opinion

clearly shows that he believed Plaintiff had significant limitations, including the inability to work, based on her conditions. (*See* Tr. at 1151). Furthermore, in reviewing the ALJ's decision, the Court notes that the ALJ cited a lack of medical evidence during the relevant time period as a reason to discredit Plaintiff's testimony and to give less weight to other medical opinions of record. (*See* Tr. at 23-24). Yet Dr. Adiutori's opinion is evidence from the relevant time period that could be used to support Plaintiff's position that she is disabled. (*See* Tr. at 1151). The ALJ's decision, however, provides no indication that the ALJ considered Dr. Adiutori's opinion or its possible implications. Taken together, the Court finds that the ALJ's failure to consider Dr. Adiutori's was harmful error.

As a final matter, Defendant argues that, had the ALJ reviewed Dr. Adiutori's opinion, the ALJ's decision would not have changed. (*See* Doc. 28 at 14-18). On this point, however, the Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions." *Baker v. Commissioner of Social Security*, 384 F. App'x 893, 896 (11th Cir. 2010) (citation omitted); *see also Williams v. Comm'r of Soc. Sec.*, No. 6:13-CV-1667-ORL-GJK, 2015 WL 1003852, at *2 n.3 (M.D. Fla. Mar. 6, 2015). Instead, "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Id.* Here, although the Commissioner set forth arguments as to why reviewing Dr. Adiutori's opinion would not have changed the ALJ's ultimate decision, the fact remains that the ALJ did not articulate any of these reasons in her decision. As a result, the Court need not accept the Commissioner's *post-hoc* rationalization for the agency's actions. *See id.* Furthermore, as stated above, the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See Denomme*, 518 F. App'x at 877-78. Thus, the Court cannot find that the ALJ's error was harmless on this basis.

In sum, the Court finds that the ALJ committed harmful error by failing to consider Dr. Adiutori's medical opinion and state with particularity the weight given to it and the reasons therefor. The Court, therefore, reverses and remands the decision of the Commissioner.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining arguments focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered the entire medical evidence of record, including the opinion evidence. Because a re-evaluation of this evidence may impact the analysis of other elements of the ALJ's Decision, the Court finds that any ruling on Plaintiff's remaining arguments would be premature at this time. Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case. In particular, while the Court declines to address the parties' arguments as to Plaintiff's fibromyalgia and chronic fatigue syndrome, the Court nonetheless believes that a re-evaluation of Plaintiff's fibromyalgia and chronic fatigue syndrome is likely to be beneficial to the parties going forward.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence.

Accordingly, the Court hereby **ORDERS** that:

1) The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner (1) to review and give weight to Dr. Adiutori's medical opinion and (2) to review the entire medical evidence of record.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on January 25, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties